Debbie P. Kirkpatrick, Esq. (SBN 207112)
Sondra R. Levine, Esq. (SBN 254139)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
3667 Voltaire Street
San Diego, CA  92106-1253
Tel:    619/758-1891
Fax:   619/222-3667
dpk@sessions-law.biz
slevine@sessions-law.biz

Attorneys for Defendant NCO Financial Systems, Inc.,
erroneously sued as NCO Group, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KANDRIA WILLIAMS, an individual, ) | Case No.  5:10-cv-00761-VAP -JCG |
| ) | |
| Plaintiff, ) | DEFENDANT, NCO FINANCIAL |
| ) | SYSTEMS, INC.'S ANSWER TO |
| vs. ) | PLAINTIFF'S COMPLAINT |
| ) | |
| NCO GROUP, INC., a Delaware ) | |
| corporation, NATIONAL COLLEGIATE ) | |
| TRUST, an entity of form unknown, LAW ) | |
| OFFICES OF STEVEN A. BOOSKA and ) | |
| DOES 1-10 ) | |
| Defendants. ) | |

Defendant NCO Financial Systems, Inc. erroneously sued as NCO Group, Inc., (hereinafter "NCO") appearing for itself and no others, hereby answers ("Answer") the Complaint ("Complaint") of Plaintiff Kandria Williams, as follows:

## **GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

## **INTRODUCTION**

1. NCO lacks sufficient information to answer the allegations contained in ¶ 1, and on that basis denies the same.

2. NCO admits that on at least one occasion, Plaintiff telephoned OSI and was informed that the account had been placed with a collection attorney. Except as expressly admitted, Defendant denies the remaining allegations in ¶ 2.

3. NCO lacks sufficient information to answer the allegations contained in ¶ 3, and on that basis denies the same.

4. On information and belief NCO admits the allegations contained in ¶ 4.

5. NCO lacks sufficient information to answer the allegations contained in ¶ 5, and on that basis denies the same.

6. NCO lacks sufficient information to answer the allegations contained in ¶ 6, and on that basis denies the same.

7. NCO lacks sufficient information to answer the allegations contained in ¶ 7, and on that basis denies the same.

8. NCO lacks sufficient information to answer the allegations contained in ¶ 8, and on that basis denies the same.

///

///

///

## THE PARTIES

1. NCO lacks sufficient information to answer the allegations contained in ¶ 1, and on that basis denies the same.

2. NCO admits it is a corporation with its principal place of business located in Horsham, PA and a business office located in Rancho Cordova, California. NCO further admits it engages in the business of debt collection and that its principal business is debt collection related services. Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 2.

3. The allegations contained in ¶ 3 of the Complaint are not directed towards NCO and do not require an affirmative response. To the extent a response is required, NCO lacks sufficient information to answer the allegations contained in ¶ 3, and on that basis denies the same.

4. The allegations contained in ¶ 4 of the Complaint are not directed towards NCO and do not require an affirmative response. To the extent a response is required, NCO lacks sufficient information to answer the allegations contained in ¶ 4, and on that basis denies the same.

5. The allegations contained in ¶ 5 of the Complaint are not directed towards NCO and do not require an affirmative response. To the extent a response is required, NCO lacks sufficient information to answer the allegations contained in ¶ 5, and on that basis denies the same.

Case 5:10-cv-00761-JVS-JCG Document 6 Filed 05/26/10 Page 4 of 19 Page ID #:37

6. NCO avers the allegation contained in ¶ 6 that defendants are "debt collectors" as that term is defined by statute, and is a legal conclusion which does not require an admission or denial. NCO refers all matters of law to the court. Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 6.

7. NCO admits Plaintiff purports to designate the term "Defendants" to include various other parties, but denies the so designated parties are defendants in this action and denies any and all legal import of the designation in ¶ 7.

8. NCO lacks sufficient information to answer the allegations contained in ¶ 8, and on that basis denies the same.

9. NCO avers the allegation contained in ¶ 9 that Plaintiff is a "consumer" as defined by statute is a legal conclusion which does not require an admission or denial. NCO refers all matters of law to the court. Except as expressly admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 9, and on that basis denies the same.

10. NCO avers the allegation contained in ¶ 10 that the financial obligations were a "debt" as defined by statute is a legal conclusion which does not require an admission or denial. NCO refers all matters of law to the court. Except as expressly admitted, NCO lacks sufficient information to answer the allegations contained in ¶ 10, and on that basis denies the same.

11. NCO avers the allegation contained in ¶ 11 that Plaintiff is a "debtor" as defined by statute is a legal conclusion which does not require an admission or denial.

NCO refers all matters of law to the court. Except as expressly admitted, NCO lacks sufficient information to answer the remaining allegations contained in ¶ 11, and on that basis denies the same.

12. NCO avers the allegation contained in ¶ 12 that the financial obligations were a "consumer debt" as defined by statute is a legal conclusion which does not require an admission or denial. NCO refers all matters of law to the court. Except as expressly admitted, NCO lacks sufficient information to answer the allegations contained in ¶ 12, and on that basis denies the same.

## JURISDICTION AND VENUE

13. NCO denies the allegations contained in ¶ 13.

14. NCO denies the allegations contained in ¶ 14.

15. NCO denies the allegations contained in ¶ 15.

## FACTUAL ALLEGATIONS

16. NCO lacks sufficient information to answer the allegations contained in ¶ 16, and on that basis denies the same.

17. NCO lacks sufficient information to answer the allegations contained in ¶ 17, and on that basis denies the same.

18. NCO admits that on at least one occasion, Plaintiff telephoned OSI and was informed that the account had been placed with a collection attorney. Except as expressly admitted, Defendant denies the remaining allegations in ¶ 18.

19. NCO admits its records indicate that multiple accounts identifying Plaintiff as the account holder were placed with it for collection in May 2007. Except as expressly admitted, NCO denies the remaining allegations in ¶ 19.

20. NCO admits its records indicate that Plaintiff's accounts were forwarded to a collection attorney in 2007. Except as expressly admitted, NCO denies the remaining allegations in ¶ 20.

21. NCO lacks sufficient information to answer the allegations contained in ¶ 21, and on that basis denies the same.

22. NCO admits its records indicate that Plaintiff's accounts were forwarded to a collection attorney in 2007. Except as expressly admitted, NCO denies the remaining allegations in ¶ 22.

23. The allegations contained in ¶ 23 of the Complaint are not directed towards NCO and do not require an affirmative response. To the extent a response is required, NCO lacks sufficient information to answer the allegations contained in ¶ 23, and on that basis denies the same.

24. The allegations contained in ¶ 24 of the Complaint are not directed towards NCO and do not require an affirmative response. To the extent a response is required, NCO lacks sufficient information to answer the allegations contained in ¶ 24, and on that basis denies the same.

25. The allegations contained in ¶ 25 of the Complaint are not directed towards NCO and do not require an affirmative response. To the extent a response is required,

NCO lacks sufficient information to answer the allegations contained in ¶ 25, and on that basis denies the same.

26. The allegations contained in ¶ 26 of the Complaint are not directed towards NCO and do not require an affirmative response. To the extent a response is required, NCO lacks sufficient information to answer the allegations contained in ¶ 26, and on that basis denies the same.

27. The allegations contained in ¶ 27 of the Complaint are not directed towards NCO and do not require an affirmative response. To the extent a response is required, NCO lacks sufficient information to answer the allegations contained in ¶ 27, and on that basis denies the same.

28. NCO lacks sufficient information to answer the allegations contained in ¶ 28, and on that basis denies the same.

29. Based on information and belief, NCO admits the allegations contained in ¶ 29.

30. NCO lacks sufficient information to answer the allegations contained in ¶ 30, and on that basis denies the same.

31. The allegations contained in ¶ 31 of the Complaint are not directed towards NCO and do not require an affirmative response. To the extent a response is required, NCO lacks sufficient information to answer the allegations contained in ¶ 31, and on that basis denies the same.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

32. The allegations contained in ¶ 32 of the Complaint are not directed towards NCO and do not require an affirmative response. To the extent a response is required, NCO lacks sufficient information to answer the allegations contained in ¶ 32, and on that basis denies the same.

33. NCO lacks sufficient information to answer the allegations contained in ¶ 33, and on that basis denies the same.

34. NCO lacks sufficient information to answer the allegations contained in ¶ 34, and on that basis denies the same.

35. NCO lacks sufficient information to answer the allegations contained in ¶ 35, and on that basis denies the same.

36. NCO lacks sufficient information to answer the allegations contained in ¶ 36, and on that basis denies the same.

37. NCO lacks sufficient information to answer the allegations contained in ¶ 37, and on that basis denies the same.

38. NCO lacks sufficient information to answer the allegations contained in ¶ 38, and on that basis denies the same.

39. NCO lacks sufficient information to answer the allegations contained in ¶ 39, and on that basis denies the same.

40. NCO lacks sufficient information to answer the allegations contained in ¶ 40, and on that basis denies the same.

41. The allegations contained in ¶ 41 of the Complaint are not directed towards NCO and do not require an affirmative response. To the extent a response is required, NCO lacks sufficient information to answer the allegations contained in ¶ 41, and on that basis denies the same.

42. NCO lacks sufficient information to answer the allegations contained in ¶ 42, and on that basis denies the same.

43. NCO lacks sufficient information to answer the allegations contained in ¶ 43, and on that basis denies the same.

44. NCO lacks sufficient information to answer the allegations contained in ¶ 44, and on that basis denies the same.

45. NCO lacks sufficient information to answer the allegations contained in ¶ 45, and on that basis denies the same.

46. NCO lacks sufficient information to answer the allegations contained in ¶ 46, and on that basis denies the same.

47. NCO lacks sufficient information to answer the allegations contained in ¶ 40, and on that basis denies the same.

48. NCO lacks sufficient information to answer the allegations contained in ¶ 48, and on that basis denies the same.

49. NCO lacks sufficient information to answer the allegations contained in ¶ 49, and on that basis denies the same.

50. NCO lacks sufficient information to answer the allegations contained in ¶ 50, and on that basis denies the same.

51. NCO lacks sufficient information to answer the allegations contained in ¶ 51, and on that basis denies the same.

52. NCO lacks sufficient information to answer the allegations contained in ¶ 52, and on that basis denies the same.

53. NCO lacks sufficient information to answer the allegations contained in ¶ 53, and on that basis denies the same.

54. NCO lacks sufficient information to answer the allegations contained in ¶ 54, and on that basis denies the same.

55. NCO lacks sufficient information to answer the allegations contained in ¶ 55, and on that basis denies the same.

## FIRST CAUSE OF ACTION

*(Violations of the Rosenthal Act, Civil Code § 1788 et seq.)*

56. NCO incorporates its responses to paragraphs 1 through 55 as though fully set forth herein.

57. NCO avers that ¶ 57 contains no factual allegations and does not require an affirmative response. To the extent a response is required, NCO lacks sufficient information to answer the allegations contained in ¶ 57, and on that basis denies the same.

58. NCO avers that ¶ 58 contains no factual allegations and does not require an affirmative response. To the extent a response is required, NCO lacks sufficient information to answer the allegations contained in ¶ 58, and on that basis denies the same.

59. NCO avers the allegation contained in ¶ 59 that Defendants were "debt collectors" is a legal conclusion as that term is defined by statute, and does not require an admission or denial. NCO refers all matters of law to the court. Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 59.

60. NCO avers the allegation contained in ¶ 60 that Plaintiff is a "debtor" is a legal conclusion as that term is defined by statute, and does not require an admission or denial. NCO refers all matters of law to the court. Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 60.

61. NCO avers the allegation contained in ¶ 61 that the purported debt was a "consumer debt" is a legal conclusion as that term is defined by statute, and does not require an admission or denial. NCO refers all matters of law to the court. Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 61.

62. NCO denies the allegations contained in ¶ 62, and subparagraphs a through f, inclusive.

63. NCO admits that Plaintiff purports to seek redress for alleged violations of the RFDCPA, Cal. *Civ. Code* § 1788, *et seq.*, as alleged in ¶ 63 of the Complaint, but denies violating the RFDCPA and denies Plaintiff is entitled to the requested relief.

64. NCO admits that Plaintiff purports to seek redress for alleged violations of the RFDCPA, Cal. *Civ. Code* § 1788, *et seq.*, as alleged in ¶ 64 of the Complaint, but denies violating the RFDCPA and denies Plaintiff is entitled to the requested relief.

65. NCO admits that Plaintiff purports to seek redress for alleged violations of the RFDCPA, Cal. *Civ. Code* § 1788, *et seq.*, as alleged in ¶ 65 of the Complaint, but denies violating the RFDCPA and denies Plaintiff is entitled to the requested relief.

66. NCO admits that Plaintiff purports to seek redress for alleged violations of the RFDCPA, Cal. *Civ. Code* § 1788, *et seq.*, as alleged in ¶ 66 of the Complaint, but denies violating the RFDCPA and denies Plaintiff is entitled to the requested relief.

67. NCO admits that Plaintiff purports to seek redress for alleged violations of the RFDCPA, Cal. *Civ. Code* § 1788, *et seq.*, as alleged in ¶ 67 of the Complaint, but denies violating the RFDCPA and denies Plaintiff is entitled to the requested relief.

## SECOND CAUSE OF ACTION

*(Negligent Infliction of Emotional Distress)*

68. NCO incorporates its responses to paragraphs 1 through 67 as though fully set forth herein.

69. NCO denies the allegations contained in ¶ 69.

70. NCO denies the allegations contained in ¶ 70.

71. NCO denies the allegations contained in ¶ 71.

72. NCO denies the allegations contained in ¶ 72.

## THIRD CAUSE OF ACTION

*(Violations of the Fair Debt Collection Practices Act)*

73.  NCO incorporates its responses to paragraphs 1 through 72 as though fully set forth herein.

74.  NCO avers the allegation contained in ¶ 74 that Plaintiff is a "consumer" is a legal conclusion as that term is defined by statute, and does not require an admission or denial.  NCO refers all matters of law to the court.  Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 74.

75.  NCO avers the allegation contained in ¶ 75 that the financial obligations were a "debt" is a legal conclusion as that term is defined by statute, and does not require an admission or denial.  NCO refers all matters of law to the court.  Except as expressly admitted, NCO denies the remaining allegations contained in ¶ 75.

76.  NCO denies the allegations contained in ¶ 76, and subparagraphs a through f, inclusive.

77.  NCO admits that Plaintiff purports to seek redress for alleged violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, as alleged in ¶ 77 of the Complaint, but denies violating the FDCPA and denies Plaintiff is entitled to the requested relief.

78.  NCO admits that Plaintiff purports to seek redress for alleged violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, as alleged in ¶ 78 of the Complaint, but denies violating the FDCPA and denies Plaintiff is entitled to the requested relief.

Answer to Plaintiff's Complaint

13

## FOURTH CAUSE OF ACTION

*(Violations of the Business and Professions Code § 17200, et. seq.)*

79. NCO incorporates its responses to paragraphs 1 through 78 as though fully set forth herein.

80. NCO admits that Plaintiff purports to seek redress for alleged violations of *Business and Professions Code* § 17200 *et seq.*, as alleged in ¶ 80 of the Complaint, but denies violating the *Business and Professions Code* § 17200 and denies Plaintiff is entitled to the requested relief.

81. NCO denies the allegations contained in ¶ 81 to the extent they are directed at this answering Defendant. To the extent the allegations are directed to another defendant, this answering NCO lacks sufficient knowledge or information to answer the allegations contained in ¶ 81 of the Complaint and on that basis denies the same.

82. NCO denies the allegations contained in ¶ 82 to the extent they are directed at this answering Defendant. To the extent the allegations are directed to another defendant, this answering NCO lacks sufficient knowledge or information to answer the allegations contained in ¶ 82 of the Complaint and on that basis denies the same.

83. NCO denies the allegations contained in ¶ 83 to the extent they are directed at this answering Defendant. To the extent the allegations are directed to another defendant, this answering NCO lacks sufficient knowledge or information to answer the allegations contained in ¶ 83 of the Complaint and on that basis denies the same.

84.     NCO denies the allegations contained in ¶ 84, and subparagraphs a through f, inclusive.

85.     NCO admits that Plaintiff purports to seek redress for alleged violations of *Business and Professions Code* § 17200 *et seq.*, and the RFDCPA, Cal. *Civ. Code* § 1788, *et seq.*, as alleged in ¶ 85 of the Complaint, but denies violating the *Business and Professions Code* § 17200 and the RFDCPA and further denies that Plaintiff is entitled to the requested relief.

86.     NCO denies the allegations contained in ¶ 86 to the extent they are directed at this answering Defendant. To the extent the allegations are directed to another defendant, this answering NCO lacks sufficient knowledge or information to answer the allegations contained in ¶ 86 of the Complaint and on that basis denies the same.

87.     NCO denies the allegations contained in ¶ 87 to the extent they are directed at this answering Defendant. To the extent the allegations are directed to another defendant, this answering NCO lacks sufficient knowledge or information to answer the allegations contained in ¶ 87 of the Complaint and on that basis denies the same.

88.     NCO denies the allegations contained in ¶ 88 to the extent they are directed at this answering Defendant. To the extent the allegations are directed to another defendant, this answering NCO lacks sufficient knowledge or information to answer the allegations contained in ¶ 88 of the Complaint and on that basis denies the same.

89.     NCO admits that Plaintiff purports to seek redress for alleged violations of *Business and Professions Code* § 17200 *et seq.*, as alleged in ¶ 89 of the Complaint, but

denies violating the *Business and Professions Code* § 17200 and denies Plaintiff is entitled to the requested relief.

90. NCO admits that Plaintiff purports to seek redress for alleged violations of *Business and Professions Code* § 17200 *et seq.*, as alleged in ¶ 90 of the Complaint, but denies violating the *Business and Professions Code* § 17200 and denies Plaintiff is entitled to the requested relief.

91. NCO admits that Plaintiff purports to seek redress for alleged violations of *Business and Professions Code* § 17200 *et seq.*, as alleged in ¶ 91 of the Complaint, but denies violating the *Business and Professions Code* § 17200 and denies Plaintiff is entitled to the requested relief.

## **PLAINTIFF'S PRAYER FOR RELIEF**

1. NCO admits that Plaintiff purports to seek damages to the extent alleged in ¶ 1, but denies any liability or wrongdoing. Except as expressly admitted, NCO denies the remaining allegations in ¶ 1.

2. NCO admits that Plaintiff purports to seek damages to the extent alleged in ¶ 2, but denies any liability or wrongdoing. Except as expressly admitted, NCO denies the remaining allegations in ¶ 2.

3. NCO admits that Plaintiff purports to seek damages to the extent alleged in ¶ 3, but denies any liability or wrongdoing. Except as expressly admitted, NCO denies the remaining allegations in ¶ 3.

4. NCO admits that Plaintiff purports to seek damages and injunctive relief to the extent alleged in ¶ 4, but denies any liability or wrongdoing. Except as expressly admitted, NCO denies the remaining allegations in ¶ 4.

5. NCO admits that Plaintiff purports to seek damages to the extent alleged in ¶ 5, but denies any liability or wrongdoing. Except as expressly admitted, NCO denies the remaining allegations in ¶ 5.

6. NCO admits that Plaintiff purports to seek damages to the extent alleged in ¶ 6, but denies any liability or wrongdoing. Except as expressly admitted, NCO denies the remaining allegations in ¶ 6.

7. NCO admits that Plaintiff purports to seek damages to the extent alleged in ¶ 7, but denies any liability or wrongdoing. Except as expressly admitted, NCO denies the remaining allegations in ¶ 7.

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

As a first affirmative defense, NCO alleges that Plaintiff's Complaint should be dismissed because the various causes of action fail to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Bona Fide Error: FDCPA)

As a second affirmative defense, NCO alleges, pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

## THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Error: RFDCPA)

As a third affirmative defense, NCO alleges, pursuant to California *Civil Code* § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

As a fourth affirmative defense, NCO alleges that Plaintiff consented to and/or invited the conduct for which she seeks relief.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

As a fifth affirmative defense, NCO alleges that Plaintiff knowingly and voluntarily waived her rights to obtain any or all of the relief sought in the complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

As a fifth affirmative defense, NCO states that it currently has insufficient information upon which to form a belief as to whether it has additional affirmative defenses available. NCO reserves its right to assert additional affirmative defenses in the event investigation and discovery indicate they would be appropriate.

WHEREFORE, NCO respectfully requests that:

1. Plaintiff take nothing by way of her Complaint;

2. Judgment of dismissal be entered in favor of NCO;

3. NCO be awarded costs and attorney's fees it has incurred in defending this lawsuit;

4. NCO be granted such other and further relief as the Court deems just and proper.

Dated: May 25, 2010         SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

                            */s/ Sondra R. Levine*
                            _____
                            Sondra R. Levine
                            Attorneys for Defendant NCO Financial Systems, Inc.
                            erroneously sued as NCO Group, Inc.